

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| JONNATHAN ROMERO MARENTES, | No. 1:26-cv-0247-TLN-EFB (HC) |
|---|---|
| Petitioner, | |
| v. | ORDER |
| WARDEN OF THE GOLDEN STATE ANNEX ICE DETENTION FACILITY, et al., | |
| Respondents. | |

Petitioner is a person detained in an immigration detention facility who has brought a petition for writ of habeas corpus under 28 U.S.C. § 2241. This matter was referred to the undersigned pursuant to Local Rule 302(c)(17). ECF No. 5. Petitioner has filed a motion to produce records. ECF No. 11. Respondents filed their opposition to the motion. ECF No. 14. Petitioner has filed his reply. ECF No. 15. Upon the parties' stipulation, the court has granted an extension for petitioner to file a traverse/reply until 14 days after this decision on the motion. ECF No. 13. For the reasons set forth below, petitioner's motion is granted.

////

////

////

////

1

**THE PARTIES' ARGUMENTS**

Petitioner asks for the following discovery: (1) a complete copy of his A-File;[1] and (2) a transcript or recording of all hearings in petitioner's immigration case (A# 240 330 976) before the immigration court, which is the basis for his continued detention. ECF No. 10 at 1-2. Petitioner argues that these records are reasonably calculated to uncover evidence to support his allegations that he was improperly re-detained on September 27, 2026 without a pre-detention bond hearing in violation of his due process rights. *Id*. at 3, 7. He also anticipates that documents in the A-File are likely to be relevant to his arguments against re-detention, his compliance and lack of risk or flight danger, the merits of his due process claim, and his current status. *Id*. at 2. His court-appointed attorney has been unable to contact petitioner or to obtain records from him. *Id*. at 8. His attorney declares that she cannot prepare a reply and fully evaluate the case for possible filings without access to the A-File. ECF No. 10-1 at 3-4 ¶ 13 (Declaration of Natalia M. Osorio Elizondo (Mar. 13. 2026)).

Respondents oppose the motion. They maintain that petitioner has not shown good cause for the motion, and that the request is overbroad. ECF No. 14 at 2. They argue that petitioner has already received all the relief he requested in his habeas petition, in that he has been released from custody. *Id*. They claim that petitioner should not be allowed to use discovery to explore additional or new requests for relief beyond the scope of the petition, citing *Rich v. Calderon*, 187 F.3d 1064 (9th Cir. 1999). *Id*. But respondents misinterpret *Rich*. The habeas petitioner in *Rich* was not presumptively denied discovery to support potential claims.[2] Rather, the lower court had allowed him "an entirely reasonable process" and five months of time to identify potential claims for which discovery might be warranted. 187 F.3d at 1067. Petitioner did not satisfy this prerequisite, the lower court then denied discovery, and the Ninth Circuit Court held that the lower court had properly exercised its discretion in doing so. *Id*. at 1067-1068.

---

[1] An A-file is understood to be a record maintained by ICE that contains all documents related to a noncitizen. *Blanco-Gallegos*, 188 F.3d 1072, 1075 & n.2 (9th Cir. 1999).

[2] The petitioner in *Rich* had apparently failed to exhaust most or all of his habeas claims in state court. 187 F.3d at 1067. It appears that the lower court required him to identify potentially exhausted claims before proceeding with a discovery plan, but he was not able to do so within the time allotted by the lower court. *Id*.

Respondents also argue that petitioner cannot show good cause because he and his appointed counsel have not been in communication and petitioner might have these materials in his possession. ECF No. 14 at 2. This argument is nonsensical. Petitioner may or may not have these documents in his possession, but one party's potential possession is not grounds for denying discovery of what an opposing party has in its possession. Also, as petitioner points out, respondents cite no authority for this argument. ECF No. 15 at 5-6.

In reply, petitioner argues that his release from custody does not moot the petition, citing *Cruz v. Lyons*, No. 5:25-cv-2879-MCS-MDK, 2025 WL 4041924 (C.D. Cal. Nov. 13, 2025). ECF No. 15 at 2-3. Petitioner maintains that the habeas petition, which petitioner filed on his own behalf before he was represented by counsel, contains a request for relief as the court deems just and proper, and that petitioner "continues to face the threat of re-arrest if the injunction on his re-detention is not made permanent." *Id*. at 3.

## ANALYSIS

Discovery is permitted in habeas cases under Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts (the "Habeas Rules"), 28 U.S.C. foll. § 2254. Habeas Rule 12 "provides that the Federal Rules of Civil Procedure 'may' be applied to habeas proceedings, 'to the extent that they are not inconsistent with any statutory provisions or these rules.'" *Cruz*, 2025 WL 4041924, at *1 (considering the Federal Rules of Civil Procedure as applied to petitioner's motion to conduct discovery). The court in *Cruz* allowed early discovery in circumstances similar to those presented here.[3] The *Cruz* petitioner had been released from custody, and respondents argued that the release had mooted the petition and there was no good cause to conduct discovery. *Id*. at *2. The court disagreed, because "[a]bsent some further relief from the Court, the TRO will expire and Respondents will no longer be prohibited from re-detaining Petitioner." *Id*. (citing plurality decision in *Preap v. Nielson*, 586 U.S. 392, 403 (2019)). Also, the respondents in *Cruz* "d[id] not claim they have provided Petitioner any assurance that she will not be re-detained, absent a court order." *Id*. (footnote omitted).

---

[3] It appears that the petitioner in *Cruz* sought to propound nine interrogatories. *Cruz*, 2025 WL 4041924, at *1.

Courts in this district have ordered respondents in immigration cases to provide certain documents even without petitioner undertaking discovery, to be filed with the response to a habeas petition or to a motion for a temporary restraining order. *See Jeremie B. v. Chestnut*, No. 1:26-cv-2779-TLN-SCR, 2026 WL 1022947, at *1 (E.D. Cal. Apr. 15 2026) (response to habeas petition "must include Petitioner's full Form I-213, any orders of release or detention, any custody warrants or notices, and any other portions of Petitioner's A-File relevant to the determination of the issues presented in the Petition"); *Ofilio v. Warden of the California City Detention Center*, No. 1:26-cv-2786, 2026 WL 1022889, at *1 (E.D. Cal. Apr. 15, 2026) (same requirement applied to response to motion for temporary restraining order).

Petitioner has shown a need for discovery of the A-File and hearing records he seeks, and respondents' arguments in opposition are unpersuasive. Respondents may utilize the usual means of objecting to production of specific records, as appropriate.

The court will allow respondents 7 days from entry of this order to produce the documents petitioner seeks. The court notes that it has previously entered a stipulated order allowing petitioner 14 days after a decision on the motion for discovery to file his traverse/reply on the merits of the petition and at this juncture the court does not foresee a need make any further changes to that timeframe. ECF No. 13.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to produce records, ECF No. 10, is GRANTED. Within 7 days of issuance of this order, respondents must produce:

1. A complete copy of petitioner's A-File; and

2. Transcripts or recordings of all hearings in petitioner's immigration case (A# 240 330 976) before the immigration court.

Dated: April 27, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE